JOHN FAULKNER, plaintiff in error, vs. NICHOLAS C. WARE, defedant in error.

A plea of failure of consideration, to an action brought by the bearer of a note payable to A. B., or bearer, will, on motion, be stricken out; unless the defendant alleges notice of the failure to the bearer before he took the note, or that he traded for it when it was overdue.

Complaint.    In Lincoln Superior Court.    Motion to strike Plea.    Decided by Judge W. M. REESE.    April Term, 1865.

The action was brought by the defendant in error against the plaintiff in error, to recover the principal and interest of a promissory note, and " the further sum of twenty-five dollars for clothing, not furnished according to said note."

The note bore date January 28th, 1862, and was payable on or before the 25th of December thereafter, to Jane Stovall or bearer.   It was given, as appeared upon its face, for the hire of a negro man, Patrick, that year ; and the maker (the defendant below) stipulated therein to furnish the negro ordinary clothing, shoes, and bed covering.

The defendant pleaded (1) the general issue ; and (2) that the consideration had failed—for that the negro revolted, knocked the defendant down with an axe, and ran away, on the 16th of April, 1862, and afterwards rendered him no

Gray et al. vs. Gray et al.

service whatever ; being carried to parts unknown, and with the knowledge and consent of said Jane Stovall, prevented from returning to the service of defendant, whereby the defendant was wrongfully deprived of the service of said negro from the 16th of April to the end of the year.

The Court, on motion of the plaintiff's counsel, ordered the second plea to be stricken out, and defendant excepted.

The case was tried, and the jury found for the plaintiff the principal and interest of the note, but nothing more.

STROTHER, for plaintiff in error.

AKERMAN, for defendant.

LUMPKIN, C. J.

The Court was right in ordering the second plea of the defendant to be stricken out of the declaration. Without considering whether it would be available against the original payee of the note, Jane Stovall, the payee, had transferred the note to Nicholas C. Ware, in whose name the action was brought; who is presumed, as *bearer* of the paper, to have taken the same without notice and *bona fide*, in the due course of trade, and at the day it was given. None of which legal presumptions are negatived by the plea. His defence, therefore, was inadmissable, and his plea properly stricken out.

Judgment affirmed.